**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS FINN,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>CITY OF BOULDER CITY; et al.,<br><br>     Defendants-Appellees. | No. 18-15185<br><br>D.C. No. 2:14-cv-01835-JAD-GWF<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 8, 2019**

Before:   WALLACE, FARRIS, and TROTT, Circuit Judges.

Thomas Finn appeals pro se from the district court's summary judgment in

Finn's action alleging claims under Title VII, the Family and Medical Leave Act

("FMLA"), and state law. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d

---

  *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment on Finn's Title VII retaliation claims because Finn failed to raise a genuine dispute of material fact as to whether he engaged in protected activity or whether there was a causal link between protected activity and any adverse employment action.  *See* 42 U.S.C. § 2000e–3(a) (describing protected activity under Title VII); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-35 (9th Cir. 2006) (setting forth elements of a prima facie retaliation claim under Title VII); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197-98 (9th Cir. 2003) (decision maker's knowledge of protected activity necessary for causation).

Assuming without deciding that Finn raised a cognizable claim under Nev. Rev. Stat. § 289.010-.120, the district court properly granted summary judgment because Finn failed to present evidence showing the existence of a genuine dispute of material fact as to whether defendants violated or engaged in activity giving rise to procedural protections provided by the statute.  *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on Finn's FMLA claim because Finn failed to raise a genuine issue of material fact as to whether his

2                                                                 18-15185

"taking of FMLA-protected leave constituted a negative factor in the decision to terminate [him]." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**